## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, | Case No.  _5:23-cv-5059_____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Chad Loseth, Valkyrie Construction, LLC, Dave Swanson, and Colleen Swanson, | <u>**JURY TRIAL DEMANDED**</u> |
| Defendants. | |

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned attorneys, for its Complaint in Declaratory Judgment against the Defendants, states and alleges as follows:

1.     This is an action for declaratory judgment made pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and 28 U.S.C.A. § 2202 by which State Farm requests that the Court declare the rights, duties, and obligations of the parties under a policy of insurance issued by State Farm to and naming Defendant Chad Loseth as the named insured. State Farm requests that the Court construe the policy specifically as it pertains to a lawsuit commenced in Custer County (South Dakota) Circuit Court entitled *Dave Swanson and Colleen Swanson v. Valkyrie Construction, LLC*, Court File No. 16CIV23-000011 (the "Underlying Action").

## PARTIES, JURISDICTION, AND VENUE

2.     State Farm is an insurance company that is incorporated in and maintains its principal place of business in the State of Illinois.  At all times material, State Farm was licensed to transact business and issue insurance in the State of South Dakota.

3.     Upon information and belief, Defendant Chad Loseth ("Loseth") is an individual residing in Custer County, South Dakota.   Loseth is a named Defendant in this action because he is the sole member of Valkyrie Construction, LLC, who is a named party in the Underlying Action, Loseth is a named insured under the policy contract at issue, and Loseth has attempted to assert rights under the insurance policy contract at issue in this litigation.

4.     Upon information and belief, Defendant Valkyrie Construction, LLC, ("Valkyrie") is a corporation incorporated under the laws of South Dakota with its principal place of business in Custer County, South Dakota. Valkyrie is a named Defendant in this action because it is a named party in the underlying litigation, its sole member and agent is the named insured Loseth, and Valkyrie may attempt to assert rights under the insurance policy contract at issue in this litigation.

5.     Upon information and belief, Defendants Dave Swanson and Colleen Swanson ("the Swansons") are individuals residing in Custer County, South Dakota. The Swansons are named Defendants in this action because they

2

are named parties in the underlying litigation, and they may attempt to assert rights under the insurance policy contract at issue in this litigation.

6.     Jurisdiction in this Court is properly conferred with respect to the allegations set forth herein under 28 U.S.C. § 2201 and § 1332 *et seq.* This action involves citizens and entities of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.     Venue is proper in this District under 28 U.S.C. § 1391 because the insurance policy at issue was written and issued in South Dakota. Defendants are citizens and residents of the state of South Dakota.

<u>**THE UNDERLYING COMPLAINT**</u>

8.     On or about February 14, 2023, by way of a Summons and Complaint, the Swansons initiated the Underlying Action against Valkyrie arising out of allegedly defective and/or incomplete construction work and general contractor services**.**

9.     In the Underlying Action, the Swansons seek money damages in an amount to be determined at trial.

10.     The Underlying Action is venued in the Custer County Circuit Court. A true and correct copy of the underlying Complaint is attached hereto as **Exhibit A**.

11.     In pertinent part, the Complaint in the Underlying Action alleged as follows:

1) Valkyrie contracted with the Swansons to provide construction materials and services and act as the general contractor for construction projects at the Swansons property located at 25583 Highlands Road, Edgemont, Custer County, South Dakota, 57735 (the "Property").

2) The first agreement was dated December 4, 2021, and provided that supplies and labor for an addition on the back side of the garage was to cost a total of $90,689.00.

3) Valkyrie demanded the Swansons pay an additional $25,922.00 for the addition, which the Swansons did pay.

4) The first agreement provided that supplies and labor would be provided for a remodel of the kitchen and would cost $8,097.00.

5) The first agreement also provided that supplies and labor would be provided for removal of garage doors and remodel of said garage, which was to cost $35,871.00.

6)    The first agreement also provided that supplies, labor, and installation of a concrete floor would be provided for building a pole barn, which would cost $119,059.00.

7)    Valkyrie represented to the Swansons that all materials necessary to construct the pole barn had been ordered and paid for. Despite the first agreement and Valkyrie's representations, the materials for the pole barn were not all ordered or paid for.

8)    The first agreement provided for a 2.041% excise tax for all projects pursuant to the second agreement that would total $5,147.50 and that the agreement included all applicable taxes.

9)    The first agreement also provided that upon approval and prior to the initiation of the project, a 50% deposit was required unless mutually agreed otherwise by the parties.

10)   The second agreement between Dave Swanson and Valkyrie was dated August 1, 2022, and provided in part that supplies and labor would be provided concerning adding a mud room/hallway between the existing house and the addition would cost $33,589.00.

11)   The second agreement provided in part that supplies and labor would be provided related to the addition to the master bedroom, which would cost $27,985.00.

12)   The second agreement also provided in part that the agreement included all applicable taxes, and that the taxes for the projects included in the second agreement would be $0.00.

13)   The second agreement also provided that upon approval and prior to the initiation of the project, a 50% deposit was required unless mutually agreed otherwise by the parties.

14)   The Swansons and Valkyrie also had oral agreements for Valkyrie to provide labor and materials for projects at the Property including, but not limited to, remodeling a bathroom, remodeling an exterior deck, and installation of new windows.

15)   Valkyrie agreed to have all projects as identified in the first, second, and oral agreements completed on or about May 1, 2022, but failed to complete the work on or by May 1, 2022.

16)    On or about August 23, 2022, Valkyrie removed all of their tools and materials from the Property despite the projects not being completed.

17)    As a result of Valkyrie's actions, the Swansons have incurred and will continue to incur expenses and costs to complete the work that Valkyrie agreed to complete and/or to repair or replace work done by Valkyrie that was either defective, inconsistent with the agreements, or was not compliant with code requirements.

12.    The Complaint in the Underlying Action asserts causes of action for Breach of Contract and Construction Defects/Negligence.

13.    Loseth was a named insured under State Farm Policy No. 91-BJ-C194-6, (the "Policy"). The Policy was issued to Loseth on or about September 11, 2017.  Loseth was designated as an individual in the Declarations.

14.    Loseth formed Valkyrie Construction LLC with himself as the sole member-manager and registered agent on September 14, 2018. Loseth did not amend the Policy to reflect Valkyrie Construction LLC as a named insured.

15.    The Policy lists Loseth's address as 1421 Montgomery Street, Custer, South Dakota, 57730.

16.    The principal office of Valkyrie is also 1421 Montgomery Street, Custer, South Dakota, 57730.

17.     At all times material, Loseth was insured by State Farm under Policy No. 91-BJ-C194-6 (the "Policy").

18.     Upon information and belief, at all times material Valkyrie was not a named insured under any policy of insurance written by State Farm.

19.     On or around March 27, 2023, Loseth, through his insurance agent, tendered the defense of the Underlying Action to State Farm seeking a defense and indemnification under the applicable Policy. State Farm accepted the tender of defense but reserved its rights under all other policy provisions and exclusions. State Farm agreed to pay for the continued defense of Valkyrie in the Underlying Action.

20.     A controversy of a justiciable nature has arisen as to whether State Farm has a duty to defend and/or indemnify Valkyrie under the Policy.

21.     State Farm has therefore commenced this action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq.* seeking declaratory relief from this Court.

## **STATE FARM'S INSURANCE POLICY**

22.     At all times material, Loseth was insured under the Policy issued by State Farm. A true and correct redacted copy of Loseth's policy is attached hereto as **Exhibit B**.

23.     The Policy Agreement provision provides, in relevant part:

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy. The

words "we", "us" and "our" refer to the Company providing this insurance, as shown in the Declarations. Declarations include the policy Declarations or Renewal Declarations and any amendments thereto.

24.    The Policy contains a section entitled "Section II – Who is an Insured", which provides, in relevant part:

### SECTION II – WHO IS AN INSURED

**1.**  Except for liability arising out of the use of "non-owned autos":

**a.**    If you are designated in the Declarations as:

**(1)**    An individual, you and your spouse are insureds, but only with respect to the conduct of a business, other than described in (2) through (5) below, of which you are the sole owner.

\* \* \*

**(3)**    A limited liability company, you are an insured. Your "members" are also insureds, but only with respect to the conduct of your business. Your "managers" are insureds, but only with respect to their duties as your "managers".

\* \* \*

**d.**    Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to  that organization. However:

**(1)**    Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

\* \* \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

25.    The Policy contains a section entitled "Section II – Definitions" which provides, in relevant part:

**SECTION II – DEFINTIONS**

\* \* \*

9.     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**     You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

13.     "Manager" means a person serving in a directorial capacity for a limited liability company.

14.     "Member" means an owner of a limited liability company represented by its membership interest, who also may serve as a "manager".

\* \* \*

17.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

\* \* \*

    **c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of privacy, of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

\* \* \*

**20.** "Products-completed operations hazard":

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one site.

**(c)** When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

**b.** Does not include "bodily injury" or "property damage" arising out of:

* * *

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials.

**21.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**27.**   "Your work":

**a.**   Means:

**(1)**   Work or operations performed by you or on your behalf; and

**(2)**   Materials, parts or equipment furnished in connection with such work or operations.

**b.**   Includes:

**(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)**   The providing of or failure to provide warnings or instructions.

***

26.   The Policy contains a section entitled "Section II – Liability" which

provides, in relevant part:

**Coverage L – Business Liability**

**1.**   When a Limit of Insurance is shown in the Declarations for **Coverage L – Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion,

12

investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time. But:

**a.**     The amount we will pay for damages is limited as described in **SECTION II – LIMITS OF INSURANCE**; and

**b.**     Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlement or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – Supplementary Payments**.

**2.**     This insurance applies:

**a.**     To "bodily injury" or "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

**(2)**     The "bodily injury" or "property damage" occurs during the policy period.
                                                    * * *

**b.**     To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

27.     The Policy contains a section entitled "Section II – Supplementary Payments" that provides, in relevant part:

### Section II – Supplementary Payments

**1.**     We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:
                                                    * * *

    **e.**    any cost taxed against the insured in the "suit", except for attorney fees and expenses.

    **f.**    Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the Limit Of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

    **g.**    All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within our Limit Of Insurance.

28.    The Policy also contains the following relevant exclusions:

**SECTION II – EXCLUSIONS**

Applicable to Coverage L – Business Liability, this insurance does not apply to:

\* \* \*

**12.**    **Damage to Property**

    "Property damage" to:

\* \* \*

    **e.**    That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations, if the "property damage" arises out of those operations;

    **f.**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it; or

\* \* \*

Paragraph **f.** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

29.    Pursuant to the above Policy language, and other potentially relevant provisions, State Farm has no continuing duty to defend and no duty to indemnify Valkyrie against the claims and allegations asserted against it in the Underlying Action.

30.    Pursuant to 28 U.S.C.A. § 2201 the parties to this action are entitled to have a declaration of their respective rights and legal relations under the Policy.

31.    Pursuant to 28 U.S.C.A. § 2202 State Farm is entitled to such further necessary or proper relief as the Court deems appropriate based on the declaratory judgment.

32.    Loseth is so situated that his rights may be affected by a declaratory judgment regarding coverage under the Policy, and to the extent he is an indispensable party to this action under Rule 19 of the Federal Rules of Civil Procedure.

33.    The Swansons are so situated that their rights may be affected by a declaratory judgment regarding coverage under the Policy, and to the extent they are indispensable parties to this action under Rule 19 of the Federal Rules of Civil Procedure.

34.    Certain other policy provisions, exclusions, conditions, or limitations in the Policy and/or other policies may be applicable to this action.  State Farm reserves the right to rely upon these provisions, exclusions, conditions, or

limitations and/or amend its Complaint in Declaratory Judgment to include such other policy language, if necessary, as this litigation continues.

## COUNT I – INTERESTED PARTIES' DECLARATORY RELIEF

35.    State Farm incorporates by reference Paragraphs 1 through 34 of this Complaint in Declaratory Judgment as if set forth in full herein.

36.    As a named insured on the Policy's declarations page, Loseth is an "insured" under the Policy.

37.    Loseth is the sole member-manager of Valkyrie.

38.    The subject Policy issued by State Farm does not apply to provide coverage to Valkyrie for the Underlying Action for the following reasons:

     a.    Valkyrie is not a named insured on the Policy;

     b.    Valkyrie does not qualify as an insured by definitions contained in the Policy;

     c.    The damages alleged in the Underlying Action, if any, are not "property damage" as defined by the Policy;

     d.    The damages alleged in the Underlying Action, if any, do not arise out of an "occurrence" as defined by the Policy;

     e.    The damages alleged in the Underlying Action, if any, do not arise out of any of the enumerated offenses for "personal and advertising injury" as defined by the Policy;

     f.    The damages alleged in the Underlying Action, if any, arise out of "property damage" to that particular part of real property

on which Valkyrie or any contractor or subcontractor working on Valkyrie's behalf is performing operations provided the "property damage" arises out of those operations; and

g.   The damages alleged in the Underlying Action, if any, arise out of "property damage" to that particular part of any property that must be restored, repaired or replaced because Valkyrie's work was incorrectly performed on it.

39.   The terms, conditions, provisions, and exclusions of the Policy do not afford coverage or protection for Valkyrie against the Swansons' allegations. Therefore, State Farm has no continuing duty to defend and no duty to indemnify Valkyrie against the allegations in the Underlying Action.

40.   The Policy does not afford coverage for the damages sought by the Swansons in the Underlying Action.

41.   Based upon the foregoing, an actual controversy and dispute of a justiciable nature has arisen between State Farm and the above-named Defendants, who are interested parties, and any others who may claim rights under the policy contract at issue, as to the interpretation of the terms, conditions, exclusions, and provisions of the Policy, as well as the coverage available under the Policy in relation to the Underlying Action.

42.   State Farm seeks a determination and declaration from this Court that it has no continuing duty to defend and no duty to indemnify Valkyrie against the claims and allegations in the Underlying Action.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff State Farm requests judgment as follows:

1.    That the Court determine and declare that State Farm is under no obligation to continue to defend and has no duty to indemnify Valkyrie or anyone else pursuant to the Policy for any claims, injuries, or damages alleged by the Swansons arising out of the incidents at issue in the Underlying Action.

2.    For such further necessary or proper relief as the Court deems appropriate pursuant to 28 U.S.C.A § 2022.

3.    For an award of State Farm's costs and disbursements incurred herein.

4.    For such other and further relief as the Court may deem just and equitable.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Dated at Sioux Falls, South Dakota, this 5th day of September, 2023.

EVANS HAIGH & ARNDT L.L.P.

Tyler W. Haigh
225 East 11th Street, Suite 201
PO Box 2790
Sioux Falls, SD 57101-2790
Telephone:  (605) 275-9599
Facsimile:  (605) 275-9602
Email:  thaigh@ehalawyers.com

*Attorneys for Plaintiff State Farm Fire and Casualty Company*

Haws-KM, P.A.

C. Todd Koebele #17287X
(Pro Hac Vice Admission Pending)
30 East Seventh Street, Suite 3200
St. Paul, MN  55101-4919
Telephone: (651) 227-9411
Fax: (651) 223-5199
tkoebele@hkmlawgroup.com

*Attorneys for Plaintiff State Farm Fire
and Casualty Company*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

State Farm Fire and Casualty Company

**DEFENDANTS**

Chad Loseth, Valkyrie Construction, LLC, Dave Swanson, and Colleen Swanson

**(b)** County of Residence of First Listed Plaintiff   McLean County, IL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Custer County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Tyler Haigh, Evans Haigh & Arndt LLP, 225 East 11th St, Suite 201, PO Box 2790, Sioux Falls, SD 57101 (605) 275-9599

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.§ 2201 and 28 U.S.C.A. § 2202

Brief description of cause:
Declaratory judgment regarding insurance coverage

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
s/ Tyler W. Haigh

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.